UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HEBEBRAND,<br><br>Plaintiff,<br><br>v.<br><br>SAN JOAQUIN COUNTY, et al.,<br><br>Defendants. | No. 2:22-cv-0730 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

      Plaintiff is a county prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  However, plaintiff failed to submit an application to proceed in forma pauperis or pay the filing fee for this action.  On May 6, 2022, the court ordered plaintiff to either file a completed in forma pauperis application or pay the required filing fee within thirty days.  (ECF No. 3.)  Plaintiff was warned that failure to abide by the court's order or to seek an extension of time to do so would result in dismissal of this action without prejudice.  (Id. at 1-2.)

      More than thirty days have passed and plaintiff has not filed a motion to proceed in forma pauperis, paid the filing fee, requested an extension of time, or otherwise responded to the court's orders.  Accordingly, it will be recommended that this action be dismissed for failure to pay the filing fee and failure to comply with court orders.

////

////

////

1

## MOTION TO APPOINT COUNSEL

Additionally, plaintiff has requested appointment of counsel. (ECF No. 4.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances at the present time. Given that plaintiff's complaint has not yet been screened and found to contain cognizable claims, the court cannot yet determine the likelihood of plaintiff's success on the merits. Wilborn, 789 F.2d at 1331. As such, plaintiff's request for counsel to be appointed will be denied without prejudice.

////
////
////
////
////
////
////
////
////

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 4) is denied without prejudice; and

2. The Clerk of the Court is directed to randomly assign a district judge to this action.

Additionally, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice. See Local Rule 110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 22, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/R/hebe0730.31+filing_fee